UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JULIE MCKINNEY, AMBER D. BRUNER, JENNIFER BIANCHI, KAITLYN ARLEDGE, and NICOLE TIFFAN. | : : : |
| Plaintiffs, | : |
| -vs- | : : |
| HIDDEN CREEK FARMS, INC.; NORMAN K WILLIAMSON, MARY ANN WILLIAMSON, and JANE DOE DBA HIDDEN CREEK FARMS. | : : : |
| Defendants. | |

Case No.: 2:21-CV-3904

**PLAINTIFFS' COMPLAINT**

INTRODUCTION

1. Plaintiffs Julie McKinney, Amber D. Bruner, Jennifer Bianchi, Kaitlyn Arledge, and Nicole Tiffan (hereafter and collectively "Plaintiffs") bring this action pursuant to 42 U.S.C. § 12182, because Norman K and Mary Ann Williamson, and other employees of Hidden Creek Farms, Inc. (hereafter "Farm") denied Plaintiffs reasonable accommodation in violation of the Americans with Disabilities Act ("ADA") when Plaintiffs entered the Farm with their service animals and were subjected to negative comments by Jane Doe for having the service animals and were told they could not have their service animals in the place of public accommodation.

2. Plaintiffs are all individuals with disabilities who use service animals for assistance with their major life activities. Plaintiffs entered the Farm located at 581 S. Galena Rd., Sunbury, Ohio, with their service animals to shop at the farmer's market, explore the farm and support local businesses. Upon entering the parking lot of the Farm, Plaintiffs were met by Jane Doe, an employee of the farm, who immediately asked the group what was going on. Plaintiffs responded that they wanted to visit the farm. Doe denied access to Plaintiffs based on 1) the mistaken belief that the service animals were not service animals, but merely in training, and 2) because Doe stated she did not recognize and/or was not familiar with the organization the Plaintiffs were part of, and thus could not be legitimate. Doe further stated that her reasons for not allowing Plaintiffs access to the Farm "are the laws."  Plaintiffs responded that each of the service animals qualify as such under the ADA, but Jane Doe would not listen to the explanation, instead speaking loudly and confrontationally. After the prolonged exchange, Doe denied access to Plaintiffs, told them to leave, and walked away from the group, leaving Plaintiffs in the parking lot of the Farm.

## Parties

3. Julie McKinney is a citizen and resident of Ohio.

4. Ms. McKinney has an impairment qualifying as a disability under the ADA. *See* 42 U.S.C. 12102(2)(A).

5. Because of Ms. McKinney's impairment, she heavily relies on the assistance of her service animal, Payton. Payton is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

6. Amber D. Bruner is a citizen and resident of Ohio.

7. Ms. Bruner has an impairment qualifying as a disability under the ADA. *See* 42 U.S.C. 12102(2)(A).

8. Because of Ms. Bruner's impairment, she heavily relies on the assistance of her service animal Phoebe. Phoebe is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

9. Jennifer Bianchi is a citizen and resident of Ohio.

10. Ms. Bianchi has has an impairment qualifying as a disability under the ADA. *See* 42 U.S.C. 12102(2)(A).

11. Because of Ms. Bianchi's impairment, she heavily relies on the assistance of her service animal R2D2. R2D2 is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

12. Kaitlyn Arledge is a citizen and resident of Ohio.

13. Ms. Arledge has an impairment qualifying as a disability under the ADA. *See* 42 U.S.C. 12102(2)(A).

14. Because of Ms. Arledge's impairment, she heavily relies on the assistance of her service animal Promise. Promise is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

15. Nicole Tiffan is a citizen and resident of Ohio.

16. Ms. Tiffan has an impairment qualifying as a disability under the ADA. *See* 42 U.S.C. 12102(2)(A).

17. Because of Ms. Tiffan's impairment, she heavily relies on the assistance of her service animal Phoebe. Phoebe is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

18. Defendant Hidden Creek Farms, Inc. is a corporation organized under the laws of Ohio and doing business at 581 S. Galena Rd., Sunbury, Ohio

19. Defendants Norman and Mary Ann Williamson own the property and buildings located at 581 S. Galena Rd., Sunbury, Ohio.

20. Upon information and belief, Defendants Norman and Mary Ann Williamson also are shareholders of Hidden Creek Farms, Inc.

21. Upon information and belief, Jane Doe is an unidentified employee/operator of Hidden Creek Farms, working at the Farm.

22. Jane Doe, in her capacity as an employee/operator of Hidden Creek Farms denied Plaintiffs equal access to the Farm, a place of public accommodation on the day in question, October 12, 2020. Plaintiff intends to amend this Complaint and identify Doe once their identity can be ascertained through discovery.

23. Plaintiffs believe that there may be other unidentified parties relevant to this case, including, but not limited, to suppliers, other owners, other employees, and other entities related to the Farm's operations. Plaintiffs intend on amending this Complaint once the existence and identity of these additional defendants has been established.

### Jurisdiction and Venue

24. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a case or controversy arising under federal law.

25. This Court has supplemental jurisdiction over the state law claims because this Court has original jurisdiction over the related claims alleged in Count I. *See* 28 U.S.C. § 1367.

26. Venue is proper in this court because the incidents giving rise to this controversy occurred in this judicial district.

### Factual Background

27. On or about October 12, 2020, Plaintiffs and their respective service animals entered the Farm to buy produce from the market and visit the farm.

28. Upon entering the Farm, Doe indicated to Plaintiffs that they would not be allowed access and could not make use of the place of public accommodation with their service animals.

29. Despite Doe's failure to initiate contact with an ADA-permitted reasonable inquiry about the animals, Plaintiffs proactively explained to Doe that the animals were service animals under the ADA and could not be a basis for denying them access.

30. Upon hearing this, Doe immediately became confrontational and argumentative with Plaintiffs, adamant that the harnesses and vests worn by the service animals were not "regulation" vests, and stating that if the service animals were real service animals, they would not be on leashes.

31. Despite having no obligation to do so, Plaintiffs continued to explain, responding that under the ADA the service animals do not require specific harnesses or vests to indicate their status as service animals.

32. Plaintiffs further responded that usage of a leash, in and of itself, is not indicative of whether an animal is a service animal.

33. Jane Doe refused to acknowledge Plaintiffs' statements and continued to act in a hostile fashion, until she eventually told Plaintiffs to leave and walked away, leaving Plaintiffs in the Farm's parking lot.

34. Plaintiffs telephoned law enforcement officers to arrive and assist with leaving ADA-educational materials for Doe prior to leaving the Farm. Plaintiffs left materials with a different employee of the farm and Doe refused to make herself available any further.
35. This type of behavior is prohibited by the ADA and state law.

**COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS TO ALL DEFENDANTS**

36. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.
37. The ADA, 42 U.S.C. § 12182, prohibits discrimination by public accommodations based upon one's disability.
38. Upon entering the Farm, which is open to the public, and being told by Doe that they could not enter the premises with their service animals, Plaintiffs explained that the animals were properly trained and qualified as service animals under the ADA.
39. Upon information and belief, Doe was an employee acting as an agent of Hidden Creek Farms.
40. While the ADA permits places of public accommodations to make a "legitimate inquiry" regarding the nature of the service animal and its qualifications, the exchange between Plaintiffs and Doe was not a legitimate inquiry.
41. ADA Title III requires employees to engage in reasonable accommodations for disabled individuals. 28 C.F.R. § 36.104.
42. Plaintiffs were denied a reasonable accommodation.
43. Plaintiffs all live near Sunbury, Ohio and regularly visit the surrounding areas, and Plaintiffs intend on returning to the Farm.

44. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA and the regulations promulgated thereunder, and have resulted in injury to Plaintiffs.

45. By engaging in the conduct described above, Defendants are liable for intentionally discriminating against Plaintiffs.

46. Because of the conduct of the Defendants, Plaintiffs have been damaged, and are entitled to injunctive relief from Defendants.

47. Due to the unlawful discriminatory conduct of Defendants, Plaintiffs are also entitled to reasonable attorneys' fees.

### COUNT II: DISABILITY DISCRIMINATION UNDER OHIO LAW AS TO ALL DEFENDANTS

48. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

49. Plaintiffs are all qualified individuals with disabilities as defined under O.R.C. § 4112.01(A)(13) *et seq*.

50. Defendants intentionally, willfully, and wantonly discriminated against Plaintiffs by denying them the full enjoyment of a place of public accommodation, as defined by O.R.C. § 4112.01(9), due to their disabilities, in violation of O.R.C. § 4112.02(G).

51. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiffs have been damaged, and are entitled to compensation from Defendants for all damages caused by Defendant's unlawful discriminatory conduct, pursuant to O.R.C. § 4112.02.

52. In addition, because Defendants intentionally discriminated against Plaintiffs, Plaintiffs are entitled to reasonable attorneys' fees.

**COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - JANE DOE DEFENDANT ONLY**

53. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

54. Jane Doe's refusal to permit Plaintiffs access to the Farm were in negligent and reckless disregard of Plaintiffs' physical and emotional well-being and caused severe mental and emotional distress, humiliation, and anxiety.

55. As a direct and proximate result of Doe's actions, Plaintiffs have suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and physical pain and distress.

56. Defendant is also entitled to punitive damages in an amount to be determined at trial.

**COUNT IV: NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION - NORMAN K AND MARY ANN WILLIAMSON AND HIDDEN CREEK FARMS, INC DEFENDANTS**

57. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58. Doe acted within the scope of her employment during the acts giving rise to this matter.

59. Defendants negligently and/or recklessly supervised and trained their agents/employees in their activities of providing reasonable accommodations to disabled customers.

60. Defendants negligently and/or recklessly permitted, and/or failed to prevent, the unreasonable activity by their agent, Doe.

61. As a result of this tortious activity, Plaintiffs have been, and continue to be, damaged in an amount to be determined at trial.

62. Plaintiffs are also entitled to punitive damages in an amount to be determined at trial.

## Jury Demand

Plaintiffs demand a jury trial of all issues so triable.

## Prayer for Relief

WHEREFORE, the Plaintiffs demand that this Honorable Court order relief as follows:

a. Declare that Defendants' acts and omissions complained of herein denied Plaintiffs full use and enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act and regulations thereunder as alleged in the Complaint;

b. Issue a permanent injunction to require Defendants to comply with the Americans with Disabilities Act of 1990 with respect to providing individuals with disabilities full and equal access to its Farms or Farmer's Market;

c. Issue a permanent injunction to require Defendants to refrain from discriminating against individuals with disabilities who visit their Farm or Farmer's Market;

d. Enter a judgment finding Defendants have violated federal and Ohio law as set forth above;

e. Award Plaintiffs an amount to be determined at trial for humiliation, embarrassment, loss of reputation, loss of self-esteem, emotional distress, and pain and suffering;

f. Award Plaintiffs compensatory damages;

g. Award Plaintiffs punitive damages;

h. Award Plaintiffs their attorneys' fees, litigation expenses and costs; and

i. Grant such further relief as this Court deems equitable and just.

Dated:  July 8, 2021                              Respectfully submitted,

                                                  <u>/s/ Alexander J Darr</u>
                                                  Alexander J. Darr (0087102)
                                                  Darr Law LLC
                                                  1391 W 5TH AVE, STE 313
                                                  COLUMBUS, OHIO 43212

                                                  *Trial Attorney for Plaintiffs,*
                                                  Julie McKinney,
                                                  Amber D. Bruner,
                                                  Jennifer Bianchi,
                                                  Kaitlyn Arledge, and
                                                  Nicole Tiffan.